IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

Roanoke Division

CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

FEB 17 2026

SIDNEY LOWEL BOWMAN Jr.,
Plaintiff

LAURA A. AUSTIN, CLERK
BY: M. Poff
DEPUTY CLERK

V.

CIVIL Action No: 7:26-CV-00051
AMENDED COMPLAINT

LARRY COLLINS et al.,
Defendants

## COMPLAINT WITH JURY DEMAND

I. INTRODUCTION

This is a civil right action filed by Sidney Lowel Bowman Jr., a State prisoner for damages and declaratory relief under 42 U.S.C. Section 1983, and the Religious Land Use and Institutionalized persons act of 2000 (R.L.U.I.P.A.) 42 U.S.C.S. Section 2000cc et seq. To redress the deprivation under color of State law, of Rights secured by the

II. JURISDICTION AND VENUE

This Court has Jurisdiction over this action under 28

U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.

The United States District Court for the Western District of Virginia is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the event giving rise to this action occurred.

### III. PARTIES

Plaintiff, Sidney Lowel Bowman Jr. ("Sidney") is and was at all times mentioned herein a prisoner of the state of Virginia, in custody of the Virginia Department of Correction ("VDOC"). He is currently confined at Red Onion State Prison ("Red Onion"), in Pound Virginia.

Defendant, Larry Collins ("Collins") is an employee for the Virginia Department of Corrections who at all times mentioned in this complaint held the position of Unit Manager at Red Onion, and assigned the responsibly of overseeing the Restorative Housing Reduction Step-Down Program ("Step-Down").

Defendant, Amee Duncan held the position of, Chief of Housing and Program for VDOC, at all times mentioned in this

Complaint, and was assigned to Red Onion.

At all times mentioned in this complaint, all the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

## IV. FACTS OF THE CASE

Plaintiff is a Sunni Muslim and his religion is Islam, and a believer of the Holy Quran 'The Holy Book' for all Muslims. Attending Jum'ah (weekly Religious services) is a central tenet of Islam. Being absent incurs a terrible sin and deprives plaintiff to acquire many blessings.

Plaintiff is housed at Red Onion in C-building's security level S-6 Step-Down assigned to the Intensive Management (IM) Pathway Status, since February 2022. In accordance with Operating Procedure ("OP") ('OP 830.A') (b)(1)(2).

IM and its privileges, starts with IM-0, the most restrictive status, ending with the Security Level 6 (Close Pod), the least restrictive:

Intensive Management (IM):

IM-0

<u>IM-1</u>

<u>IM-2</u>

<u>IM-SLb (Close Pod)</u>

All inmates on IM-1 up to the Close Pod, earned the privilege to posses their personal television at all times in their cell for religious service (broadcast on Closed-Circuit television), news, academic, and entertainment purposes, in accordance with IM Privilege Level chart for OP 830.A.

Step-Down inmate can have their incentive level lowered in two ways in accordance with OP 830.A (D)(4)(a)(b).

a) Inmates that do not meet the standards for disciplinary, responsible behavior, and/or self-improvement and programming can be placed back to a lower incentive level by decision of the building Management Team.

b) When an inmate received a serious disciplinary offense or refuse over a period of time to meet standards for responsible behavior or program participation, the Building Supervisor or higher authority can decide to immediately lower an inmate's status. The Building Management Team will review all such actions.

Retaliation, Freedom of Religion Violation and Religious Land Use and Institutionalized Persons act of 2000 violation, and Equal Protection of the law violation.

1. September 18, 2023 plaintiff was released from medical housing after being admitted there for 11 days due to injuries. Plaintiff was returned back to Step-Down IM2 status.

2. Defendant Larry Collins ("Collins") demanded plaintiff be placed in cell C-308, a mental health cell, that had a bed frame, sink and tiolet. Where the electrial outlets should been was instead a blank metal plate. Which denied plaintiff the ability to plug in his personal electronics.

3. September 19, 2023 plaintiff spoke to Collins at his cell door when he did a round. Plaintiff showed Collins his personal television and explained he would not be able to attend Jumi'ah service on Friday's or receive his IM2 status privileges to electronics, and asked Collins for a mattress since he was not given one yet. Forced to sleep on piles of clothes on a metal bunk, given him back pain.

4. Collins told plaintiff he should thought about that before

writing dumb ass complaints. Referring to a grievance Sidney filed on Collins and Jordan Fleming (Fleming) for a retaliatory disciplinary charge written against him prior to being housed in medical.

5. Plaintiff expressed that after 11 days spent in medical recovering from injuries, he did not want any problems with staff, but he had a Religious Right to his religious service and the IM privileges like any other inmate. Collins retorted "I told you don't fuck with me, I won't fuck with you."

6. The same day, Plaintiff filed a facility request to be moved to a different cell with working electronic outlets and to receive a mattress.

7. September 21, 2023 plaintiff reported to mental health that he was trying to get moved out of cell C-308 to a cell with working outlets and been trying to receive a mattress but staff refused. Mental health documented this.

8. September 22, 2023 plaintiff missed his first Jum'ah Service.

9. September 23, 2023 Plaintiff was finally given a mattress by night shift SGT. Allen, after going five days sleeping without one.

9. September 29, 2023 plaintiff was denied his second Jum'ah service while in C-308.

10. October 2, 2023 at approximately 10:45 A.M. plaintiff spoke to defendant Amee Duncan ("Duncan") while at pod recreation table. Plaintiff informed Duncan that Collins placed him in cell C-308 for retaliation due to the filing of a grievance on Collins and Fleming. This denied him religious services and IM-2 privileges to electronics.

11. Duncan stated "You're in that cell because you caused a disturbance on the yard!" Plaintiff informed Duncan, he was never given a disciplinary offense report for a disturbance, so taken his privilege was against policy. Duncan responded by saying "You're on our time, not yours! We'll move you when we're ready."

12. Plaintiff began to refuse taken state trays (trays) in order to get away from collins retaliatory punishment.

13. Plaintiff informed Collins he would agree to eat if he could be moved to a cell to just attend Jum'ah service and then put him back in C-308 if they wanted after.

Collins denied this request and refused to work with plaintiff in anyway to attend Jum'ah service.

15. October 6, 2023 plaintiff missed his third Jum'ah service.

16. Plaintiff continued to refuse trays because of this. After missing over 12 trays plaintiff was sent to medical housing unit to be monitored. While in medical plaintiff could only have 1 pair of socks, 1 T-shirt, 1 pair of boxers, 1 pair of pants, mattress, and legal work nothing else the entire time. (no sheets or blankets.)

17. October 11, 2023 plaintiff ate (3) three trays after missing over 26 trays, because he was told if he ate he would be placed in a different cell when he went back to IM status. but when he returned C-building Collins had him placed back in Cell C-308.

18. October 13, 2023 plaintiff missed his fourth Jum'ah service.

19. October 20, 2023 plaintiff missed his fifth Jum'ah service.

20. After spending 35 days in C-308 (including being housed in medical) plaintiff was finally moved to Cell C-309. Where he could finally attend jum'ah and IM-2 privilege

## V. LEGAL CLAIMS

### Equal Protection / Retaliation

The Actions of defendants Collins and Duncan intentionally placing plaintiff in a cell that denied him the same privileges IM Status inmates were given were done to punish him for filing a grievance and for past acts in Violation of the Fourteenth Amendment and First Amendment of the United States Constitution.

### Denial of Access to Religious Service

By Defendant Collins placing plaintiff in a cell without working (power) electronic outlets and not given any way to attend Jum'ah service without compelling interest. Substantial burden and violated plaintiff 'Free Exercise Clause' of the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act 42 2000cc to 2000 cc-5

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

the actions and inactions of Collins and Duncan violated the plaintiff's Constitutional and statutory rights as well as laws of the United States

B. Issue an injunction ordering the defendants be debriefed and trained on the actions and inactions which may violate a prisoners Constitutional and statutory rights including but not limited to and especially ones rights under RLUIPA.

C. Award Compensatory damages in the following:

$100,000 jointly and severally against defendant Collins and Duncan for the retaliatory denial of Equal protection and Religious Rights, while being housed under the aforementioned conditions which were violation of his Constitutional and statutory rights

D. Award punitive damages in the following:

$100,000 against each defendant jointly and severally as punishment for exerting such outrageous and intentional reprehensible actions which imposed a significant and atypical hardship upon the plaintiff and imposed a substantial burden upon the plaintiff religious practice.

E. Plaintiff seek recovery of all cost in this suit

F. Award any other relief as the court may deem the plaintiff is entitled, just, proper, and equitable

G. Grant a jury trial on all issues triable by jury

Dated: 2/6/2026

Respectfully submitted,

Sidney Bowman #1396143
 Pro-Se Plaintiff
VDOC Central Mail Distribution Center
 3521 Woods Way
 State Farm, VA 23160

## VERIFICATION

I, Sidney Lowel Bowman Jr., have read the foregoing complaint and hereby verify that the matters alleged therein are true and accurate to the best of my knowledge and belief. I certify under penalty of perjury (pursuant to 28 U.S.C. § 1746 (2)) that the foregoing is true and correct, on this 6 day of February, 2026.

Date: 2/6/2026

*[signature]* Bow
Sidney Bowman #1396143
Pro-se Plaintiff
VA DOC Central Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

### NOTARY SERVICE

Date: 2/6/2026

*[signature]* Bow
Sidney Lowel Bowman #1396143
Pro-se Plaintiff

Subscribed and sworn to before me this 6 day of Feb., 2026
(Seal) *[notary signature]*

*[Notary seal: B N JONES, NOTARY PUBLIC, REG. #8120931, MY COMMISSION EXPIRES 4/30/2028, COMMONWEALTH OF VIRGINIA]*

I certify that the above notary is not a party to this action.

*[signature]* Bow
Inmate Signature