CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
MAY 26 2026
LAURA A. AUSTIN, CLERK
BY: M. POAC
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

Roanoke Division

CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
FEB 17 2026
LAURA A. AUSTIN, CLERK
BY: M. POAC
DEPUTY CLERK

SIDNEY LOWEL BOWMAN Jr.,
Plaintiff

V.

CIVIL Action No: 7:26-CV-00051
AMENDED COMPLAINT

LARRY COLLINS et al.,
Defendants

# COMPLAINT WITH JURY DEMAND

## I. INTRODUCTION

This is a civil right action filed by Sidney Lowel Bowman Jr., a State prisoner for damages and declaratory relief under 42 U.S.C. Section 1983, and the Religious Land Use and Institutionalized persons act of 2000 (R.L.U.I.P.A.) 42 U.S.C.S. Section 2000cc et seq. To redress the deprivation under color of State law, of Rights secured by the

## II. JURISDICTION AND VENUE

This Court has Jurisdiction over this action under 28

U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.

The United States District Court for the Western District of Virginia is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the event giving rise to this action occurred.

III. PARTIES

Plaintiff, Sidney Lowel Bowman Jr. ("Sidney") is and was at all times mentioned herein a prisoner of the state of Virginia, in custody of the Virginia Department of Correction ("VDOC"). He is currently confined at Red Onion State Prison ("Red Onion"), in Pound Virginia.

Defendant, Larry Collins ("Collins") is an employee for the Virginia Department of Corrections who at all times mentioned in this complaint held the position of Unit Manager at Red Onion, and assigned the responsibly of overseeing the Restorative Housing Reduction Step-Down Program ("Step-Down").

Defendant, Amee Duncan held the position of, Chief of Housing and Program for VDOC, at all times mentioned in this

complaint, and was assigned to Red Onion state Prison. At all times mentioned in this complaint, all the defendants have acted, and continue to act, under color of State law at all times relevant to this complaint.

## IV. FACTS OF THE CASE

Plaintiff is a Sunni Muslim and his religion is Islam, and a believer of the Holy Qu'ran 'The Holy Book' for all muslims. Attending Jum'ah (Weekly Religious service) is a central tenet of Islam. Being absent incurs a terrible sin and deprives plaintiff to acquire many blessings.

Plaintiff is housed at Red Onion in C-building's Security Level 6 Step-Down assigned to the Intensive Management (IM) Pathway Status, Since february 2022. In accordance with operating Procedure ("OP") ('OP 830.A') (D) (1) (2).

IM and its privileges, starts with IM-0, the most restrictive status, ending with the security level 6 (close Pod), the least restrictive:

Intensive Management (IM):
IM-0

IM-1

IM-2

IM-SLb(Close Pod)

All inmates on IM-1 up to the Close Pod, earned the privilege to posses their personal television at all times in their cell for religious service (broadcast on Closed-Circuit television), news, academic, and entertainment purposes, in accordance with IM Privilege Level chart for OP 830.A.

Step-Down inmate can have their incentive Level lowered in two ways in accordance with OP 830.A (D)(4)(a)(b).

a) Inmates that do not meet the Standards for disciplinary, responsible behavior, and/or Self-improvement and programming can be placed back to a lower incentive level by decision of the building Management Team.

b) When an inmate received a Serious disciplinary offense or refuse over a period of time to meet standards for responsible behavior or program participation, the Building Supervisor or higher authority can decide to immediately lower an inmate's Status The Building Management Team will review all such actions.

RETALIATION, FREEDOM OF RELIGION VIOLATION AND RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000 VIOLATION; and EQUAL Protection of the law Violation.

1. September 18, 2023 plaintiff was released from medical housing after being admitted there for 11 days due to injuries. Plaintiff was returned back to Step-Down IM-2 Status

2. Defendant Larry Collins ("Collins") demanded plaintiff be placed in cell C-308, a mental health cell, that had no electrial outlets which denied plaintiff the ability to plug in his personal electronics, denying him IM-2 status to have a television to use in his room, but given plaintiff all other privileges he earned.

3. September 19, 2023 plaintiff spoke to collins at his cell door when he did a round. Plaintiff showed Collins his personal television and explained he would not be able to attend Jum'ah service on Friday's or receive his IM-2 status privileges to electronics, and asked Collins for a mattress since he was not given one yet. This was plaintiff second request for a mattress; Forced to sleep on piles of clothes on a metal bunk given him back pain.

4. Collins told plaintiff he should thought about that before

writing dumb ass complaints. Referring to a grievance Sidney filed on Collins and Jordan Fleming (Fleming) for a retaliatory disciplinary charge written against him prior to being housed in medical.

5. Plaintiff expressed that after 11 days spent in medical recovering from injuries, he did not want any problems with staff, but he had a Religious Right to his religious Service and the IM Privileges like any other inmate. Collins retorted "I told you don't Fuck With Me, I Won't fuck with you."

6. The same day, Plaintiff filed a facility request to be moved to a different cell with working electronic outlets and to receive a mattress.

7. September 21, 2023 plaintiff reported to mental health that he was trying to get moved out of cell C-308 to a cell with working outlets and been trying to receive a mattress but staff refused. Mental health documented this.

8. September 22, 2023 plaintiff missed his first Jum'ah Service.

9. September 23, 2023 Plaintiff was finally given a mattress by night shift SGT. Allen, after going five days sleeping without one.

10. Plaintiff filed a written complaint to began the grievance process on September 23, 2023 for collins refusing to provide him with a mattress.

11. Plaintiff filed a written complaint to began the grievance process on september 24, 2023 for Collins retalitory action of placing plaintiff in a cell with electric power outlets not being available to him. denying religious services and privileges.

12. September 29, 2023 plaintiff was denied his second Jum'ah service while in C-308.

13. October 2, 2023 at approximately 10:45 A.m. plaintiff spoke with defendant Amee Duncan ('Duncan') while at pod table. Plaintiff informed Duncan that Collins intentionally placed him in cell C-308 as retaliation for punishment due to filing a grievance on him and another officer, and this denied him his religious service and IM-2 privileges to electronics.

14. Duncan stated "You're in that cell because you caused a disturbance on the Yard!" Plaintiff informed Duncan, he was never given a disciplinary offense report due to a

disturbance, so taken his privileges was against VDOC policy. Duncan responded by saying "You're on our time, not yours! We'll move you when we're ready."

15. Nicco Pledger and Diairion Davis both were IM-Status, IM-2 and IM-1 respectively. Nicco Pledger was given a disciplinary offense for causing a disturbance and found guilty but was allowed back into a cell with working electric power outlets to attend his religious service and enjoy his privileges of watching his personal Television and use his JP6 tablet in his cell. Diairion Davis nor plaintiff was given a disciplinary offense report but both allegedly were part of the same disturbance as Nicco Pledger. Diairion Davis was placed back into a cell with working electric power outlets to enjoy T.V. and JP6 tablet privileges, while also being able to attend his religious services.

16. Plaintiff began to refuse to eat or take state food trays ("Trays") in an attempt to get away from collins retaliatory actions and get help to correct them; Duncan refused to change plaintiff cell or give plaintiff access to religious service. Duncan intentionally refused to do and/or was unwilling to correct collins actions.

17. Plaintiff informed collins he would agree to eat again if he could be moved to a cell to just attend Jum'ah service and returned back to cell C-308 after, if they wanted. Collins denied this request and refused to work with plaintiff in anyway to allow plaintiff to attend Jum'ah service.

18. October 3, 2023 Duncan responded to plaintiff written complaint stating "Any inmate can be housed in C-308 or any other appropriate cell in accordance with their security level. This is not for punishment..." Violating VDOC policy, also clearly establish constitutional standard and law.

19. During an investigation for plaintiff grievance collins stated "Housing was appropriate for you and your poor behavior as of late. Your behavior can be managed better from C-308". Clearly showing this was for punishment. Violating VDOC policy.

20. October 6, 2023 plaintiff missed his third Jum'ah service, and continued to refuse Trays because of this. After missing over 12 Trays or going 4 days without eating any state food plaintiff was sent to the medical housing unit to be monitored due to hunger strike policy. He could

Only have legal material, Mattress, 1 pair of Socks, 1 tee shirt, 1 pair of boxer shorts, 1 pair of pants, and nothing else. On Hunger strike.

21. October 11, 2023 plaintiff began to eat again after missing over 27 Trays (19 days) because he was told if he ate he would be placed in a different cell when he returned back to IM-2 Status, but when he returned to IM-2 Status he was placed back into cell C-308 on orders of collins.

22. October 13, 2023 plaintiff missed his fourth straight Jum'ah Service.

23. October 20, 2023 plaintiff missed his fifth Jum'ah service.

24. The Same day, Collins conducted an administrative review on plaintiff 90 day ICA Hearing. He expressed that plaintiff would be reviewed for possible status reduction at the next Status review meeting. The reason plaintiff all other privileges were available to him, but the abilty to use his electronics. His Status was never reduced for any poor behavior or disturbance. Denying plaintiff privileges against VDOC policy in the process. DOC-11H and IM privilege chart collectively attached exhibit A.

25. After spending approximately 35 days in C-308 plaintiff

was finally moved to a different cell in the Same housing unit. C-309 that had working electric outlets, so plaintiff could attend Jum'ah service and enjoy his electronic IM-I &2 status as Nicco Pledger and Diairion Davis were able to do the entire 35 days plaintiff went without rights and privileges.

V. EXHAUSTION OF LEGAL REMEDIES

Plaintiff, Sidney Lowel Bowman Jr. has exhausted all his available administrative remedies to the best of his capabilities with respect to all claims and all defendants; completing all available steps of the grievance procedure which he was capable of, appealing each decision to the last level.

VI. LEGAL CLAIMS

Supervisor Liability

Defendant Amee Duncan as the chief of Housing and Programming had the abilty, power and duty to correct Defendant Larry collins intentional denial of plaintiff religious

Service and IM-2 privileges on two seperate occasions Once when plaintiff verbally told her, and then when She responded to plaintiff written complaint. Her failure to correct defendant Larry Collins interfering with plaintiff religious right by intentionally placment in a cell for retaliatory Punishment. Defendant Duncan showed Supervisor liability in Violation of the first Amendment and fourteenth Amendment rights of the United States Constitution

EQUAL PROTECTION / RETALIATION

The action of defendant Collins intentionally placing plaintiff in a cell that denied him the same privileges as Nicco Pledger and Diairion Davis were given and earned were done to punish him for filing a grievance against him in Violation of the fourteenth Amendment and first amendment right(s) of the United States Constitution.

DENIAL OF ACCESS TO RELIGIOUS SERVICE

Defendant Collins putting plaintiff in a cell with no electronic outlets. For 35 days and denying him the ability to attend (5) five Jum'ah services without a penological interest

Substantially burden and violated plaintiff "Free Exercise Clause" of the First Amendment to the United States Constitution and The Religious Land Use and Institutionalized Persons Act 42 2000 cc to 2000 cc-5

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:
The actions and inactions of Collins and Duncan violated the plaintiff's Constitutional and statutory rights as well as laws of the United States.

B. Issue an injunction ordering the defendants be debriefed and trained on the actions and inactions which may violate a prisoners constitutional right, statutory right including but not limited to and especially one's rights under RLUIPA.

C. Award Compensatory damages in the following:
$100,000 jointly and severally against defendants Collins and Duncan for the denial of equal Protection and

Religious Rights, while being housed under the aforementioned Conditions which were Violation of his constitutional and statutory rights.

D. Award punitive damages in the following: $100,000 against each defendant jointly and severally as punishment for exerting such Outrageous and intentional reprehensible actions which imposed a significant and atypical hardship upon the plaintiff and imposed a substantial burden upon the plaintiff religious practice.

E. Plaintiff seek recovery of all cost in this suit

F. Award any other relief as the Court may deem Just, proper, equitable, and the plaintiff is entitled to

G. Grant a jury trial on all issues triable by Jury

Date: 5/8/2026

Respectfully submitted,

[signature]

Sidney Bowman #1396143
Pro-Se Plaintiff
VDOC central mail Distribution center
3521 Woods Way
State Farm, VA 23160

# VERIFICATION

I, Sidney Lowel Bowman Jr., have read the foregoing complaint and hereby verify that the matters alleged therein are true and accurate to the best of my knowledge and belief. I certify under penalty of perjury (Pursuant to 28 U.S.C. §1746 (2)) that the foregoing is true and correct, on this 8 day of MAY 2026

DATE: 5/8/2026
Respectfully submitted
[signature]
Sidney Bowman #1396143
Pro-se Plaintiff
VA DOC Central Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

B N JONES
NOTARY PUBLIC
REG. #8120931
MY COMMISSION EXPIRES 4/30/2028
COMMONWEALTH OF VIRGINIA

[signature]

NOTARY SERVICE

DATE: 5/8/26

[signature]
Sidney Lowel Bowman #1396143
Pro-se Plaintiff

Subscribed and sworn to before me this 8 day of May, 2026
(Seal)

I certify that the above notary is not a party to this action.

[signature]
Inmate Signature

SIDNEY Bowman #[illegible]3
Red onion State Prison
P.O. BOX 970
Pound, VA 24279

VIRGINIA
HAS NEI
ITEM THE
DOES NO
FOR ITS

$2.44

UNITED STATES DIS
OFFICE OF THE C
210 FRANKLIN RD.,
ROANOKE, VA 2401

RECEIVED
DATE
MAY 18 2026
MAILROOM

"LEGAL MAIL"

DEPARTMENT OF CORRECTIONS
HER CENSORED OR INSPECTED
REFORE, THE DEPARTMENT
T ASSUME ANY RESPONSIBILITY
CONTENTS

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 24279 $ 002.44⁰
02 7W
0008039583 MAY 19 2026

STRICT COURT
CLERK
RM540

RECEIVED
MAY 26 2026
USDC Clerk's Office
Mail Room